United States District Court
Southern District of Texas
**ENTERED**
January 30, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN ANGEL PEREZ GOMEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-023 |
| | § | |
| KRISTI NOEM, | § | |
| | § | |
| Defendant. | § | |

## ORDER

In March 2025, Plaintiff Juan Angel Perez Gomez sought a declaratory judgment, pursuant to 8 U.S.C. § 1503(a), that he acquired United States citizenship at birth through his father. *See Perez Gomez v. Limon*, Civil Case No. 1:25-60 (S.D. Tex. 2025) ("2025 Lawsuit"). In July, the court considered that matter and concluded that Perez had not filed his lawsuit within the five-year period that Section 1503(a) specifies. *Id.* at CM/ECF Doc. No. 15. The court also found that the limitations period in Section 1503(3) was jurisdictional, rendering equitable tolling unavailable. The court dismissed Perez's claims for lack of subject matter jurisdiction, and Perez did not appeal the decision.

In August 2025, the Fifth Circuit ruled "that that 8 U.S.C. § 1503(a)'s procedural time bar is nonjurisdictional." *Villegas v. Noem, et al.*, 149 F.4th 554, 571 (5th Cir. 2025).

In January 2026, Perez filed a new lawsuit again seeking a declaratory judgment that he is a United States citizen, alleging a claim under Section 1503(a) substantively identical to the one he presented in the 2025 Lawsuit. (*See* Pet., Doc. 1) The Court issued an Order noting the apparent similitude between the present lawsuit and the 2025 Lawsuit and ordered Perez to show cause why this Court should not dismiss his causes of action based on the 2025 Lawsuit. (Order, Doc. 8)

In response, Perez argues that in the 2025 Lawsuit, the court dismissed the claims on jurisdictional grounds and was not a "final judgment on the merits." (Statement, Doc. 9)  The Court infers that Perez is arguing that *Villegas* alters the decision in the 2025 Lawsuit, at least on the issue of the availability of equitable tolling.

A court may invoke res judicata sua sponte where the prior complaint was filed with the same court and all of the relevant facts are uncontroverted. *See Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 281 (5th Cir. 2001) (affirming the sua sponte invocation of res judicata where "[b]oth actions were brought in the same federal district court", involving different judges); *McIntyre v. Ben E. Keith Co.*, 754 F. App'x. 262, 265 (5th Cir. 2018) (unpubl.) (per curiam) (affirming a district court's sua sponte invocation of res judicata where the plaintiff filed a "nearly identical" complaint to one that had been previously dismissed by the same court).  Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).  If a court dismissed a complaint for lack of subject matter jurisdiction, it "does not adjudicate the merit so as to make the case res judicata on the substance of the asserted claim," but "it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir.1980) (per curiam); *see also Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 469 (5th Cir. 2013) (applying *Boone* in finding that a prior dismissal for lack of jurisdiction and standing precluded a second complaint raising the same claims).

While the order dismissing the claims in the 2025 Lawsuit for lack of subject matter jurisdiction did not decide the merits of Perez's claim to citizenship, it did decide the court's jurisdiction to adjudicate the matter.  This Court affords preclusive effect to that finding. *See Boone*, 617 F.2d at 436; *Comer*, 718 F.3d at 469.

Accordingly, it is:

**ORDERED** that the causes of action alleged by Plaintiff Juan Angel Perez Gomez are **DISMISSED WITHOUT PREJUDICE** based on res judicata.

The Clerk of Court is directed to close this matter.

Signed on January 30, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge